

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

JEFFREY SURRUSCO,

        Plaintiff

-AGAINST-

DEUTSCHE BANK AG, and DEUTSCHE
BANK SECURITIES INC.
        Defendants
------------------------------------------------------X

ECF

Case No. 05 cv 9943(SHS)

COMPLAINT

    Plaintiff, Jeffrey Surrusco, by his attorneys, Hoguet Newman & Regal, LLP, alleges:

    1.    Plaintiff seeks damages for sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et. seq.; the New York State Human Rights Law, N.Y. EXEC. LAW § 296, et. seq.; the New York City Human Rights Law, N.Y. ADMIN. CODE § 8-101, et. seq.; lost wages, benefits and bonuses under the New York State Labor Law, N.Y. LAB. LAW § 190, et. seq., and common law theories of breach of contract and unjust enrichment.

### PARTIES

    2.    Plaintiff Jeffrey Surrusco is a resident of the State of New York, and at all relevant times, was an employee of Defendant Deutsche Bank Securities Inc. ("DBSI.")

    3.    Upon information and belief, Defendant Deutsche Bank AG is a German Bank ("Deutsche Bank") doing business in NewYork.

    4.    Upon information and belief, DBSI, has its principal place of business in New York, New York and is a wholly owned subsidiary of Deustche Bank.

5. At all times material to this Complaint, the individual officers, directors, supervisors, managers, employees and/or agents mentioned herein, acted within the scope of their duties as officers, directors, supervisors, managers, employees and/or agents of DBSI.

## JURISDICTION, VENUE AND PROCEDURAL BACKGROUND

6. This Court has jurisdiction over Surrusco's claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et. seq., 28 U.S.C. § 1343, and has pendent jurisdiction over Plaintiff's state and city law claims.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3), in that the unlawful acts complained of herein occurred in this District.

8. Surrusco filed an administrative charge with the United States Equal Employment Opportunity Commission ("EEOC") on February 17, 2005 complaining of discrimination, sexual harassment and retaliation in violation of Federal and New York law.

9. On August 29, 2005, Surrusco received a Right to Sue Letter from the EEOC.

## FACTS

10. Surrusco's highly successful career at DBSI began in January 7, 2002 when he was hired as Vice President, Risk Analyst in its New York Transaction Process and Risk Group. Surrusco was promoted twice.

11. Surrusco was a top performer at DBSI, always received favorable performance reviews, and was repeatedly assured by top level DBSI management that he had a promising future with DBSI.

2

12. For a period of time prior to his termination, Surrusco's co-worker, who had considerable power over him, repeatedly propositioned him, by e-mail, in person and by phone.

13. Surrusco's co-worker told him that he would reap benefits if he were to engage in a sexual affair with her and suffer damage to his career if he refused.

14. Surrusco repeatedly asked his co-worker to stop making such unwelcome advances.

15. Surrusco complained to DBSI Human Resources and DBSI management about the harassment.

16. Only days after Surrusco complained, despite previous assurances of a promising future, DBSI terminated Surrusco's employment.

17. The proffered reason for the termination of Surrusco's employment was that his position was being eliminated due to a "global restructuring."

18. "Global restructuring" is a pretext.

### AS AND FOR A FIRST CAUSE OF ACTION
### *QUID PRO QUO* SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

19. Plaintiff Surrusco repeats and realleges each and every allegation contained in paragraphs 1 through 18 as if fully set forth herein.

20. Surrusco's harassing co-worker had considerable power over him and his career, including the ability to affect Surrusco's terms and conditions of employment and to influence the decision to terminate his employment.

21. Surrusco's co-worker functioned as Surrusco's *de facto* supervisor.

3

22. Surrusco's co-worker harassed, intimidated, taunted and threatened Surrusco by making lewd, lascivious, unwanted and repeated sexual advances and threatened him and his career if he refused to acquiesce.

23. When Surrusco refused to acquiesce and informed his harassing co-worker that he was going to file a complaint, she took two tangible, adverse employment actions against him: she filed false accusations against Surrusco with DBSI; and she ultimately got him terminated.

24. Surrusco's co-worker's conduct constitutes *quid pro quo* sexual harassment in violation of Title VII, for which DBSI and Deutsche Bank are strictly liable.

25. As a result of Defendants' unlawful conduct as alleged in this complaint, Surrusco has lost substantial employment benefits including lost wages, bonuses, and other losses, in an amount in excess of $11,250,000, plus interest, the precise amount of which will be proven at the time of trial.

26. As a further direct and proximate result of Defendants' unlawful conduct, Surrusco has suffered conscious pain and suffering, great mental distress, extreme and severe anguish, shock, frustration, intimidation and humiliation, emotional distress, nervousness, tension, anxiety, and depression, the extent of which is not fully known at this time and the amount of damages caused thus is not yet fully ascertained but is in an amount in excess of $3,000,000, the precise amount to be proven at the time of trial.

27. The conduct of Defendants as described in this complaint was perpetrated with malice and reckless indifference, thus entitling Surrusco to an award of punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION
## *QUID PRO QUO* SEXUAL HARASSMENT IN VIOLATION OF THE
## NEW YORK STATE AND NEW YORK CITY HUMAN RIGHTS LAWS

28. Plaintiff Surrusco repeats and realleges each and every allegation contained in paragraphs 1 through 27 as if fully set forth herein.

29. The aforesaid acts of intentional *quid pro quo* sexual harassment were perpetrated by Surrusco's co-worker.

30. DBSI and Deutsche Bank encouraged, condoned and acquiesced in the aforesaid acts of intentional *quid pro quo* sexual harassment by: a) permitting Surrusco's co-worker to abuse him; b) conducting an inadequate investigation of Surrusco's complaints; c) failing to remedy the situation by adequately disciplining the harasser, thus ensuring that she would be free to perpetrate similar conduct against other employees in the future; and d) firing Surrusco, the victim of the harassment.

31. The conduct of Defendants violated Surrusco's rights under the New York State Human Rights Law, N.Y. EXEC. LAW § 296, et. seq. ("NYSHRL') and the New York City Human Rights Law, N.Y. ADMIN. CODE § 8-101, et. seq. ("NYCHRL").

32. As a direct and proximate result of Defendants' unlawful conduct as alleged in this complaint, Surrusco has lost substantial employment benefits including lost wages, bonuses, and other losses, in an amount in excess of $11,250,000, plus interest, the precise amount of which will be proven at the time of trial.

33. As a further direct and proximate result of Defendants' unlawful conduct, Surrusco has suffered conscious pain and suffering, extreme and severe anguish, humiliation, emotional distress, nervousness, tension, anxiety, and depression, the extent of which is not fully known at this time and the amount of damages caused thus is not yet

fully ascertained but is in an amount in excess of $3,000,000, the precise amount to be proven at the time of trial.

34. The conduct of Defendants as described in this complaint was perpetrated with malice and reckless indifference, thus entitling Surrusco to an award of punitive damages under the NYCHRL.

### AS AND FOR A THIRD CAUSE OF ACTION
### HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

35. Plaintiff Surrusco repeats and realleges each and every allegation contained in paragraphs 1 through 34 as if fully set forth herein.

36. Surrusco did not consent to the sexual advances, found them unwelcome and offensive, and repeatedly told his co-worker so. The conduct, as described in this Complaint, would have been offensive to a reasonable man in Surrusco's position.

37. The harassing conduct, tolerated and made possible by DBSI and Deutsche Bank and its officers, caused Surrusco's workplace to be permeated with discriminatory intimidation, ridicule, and insult that was severe and pervasive, altered the conditions of his employment and created a hostile and abusive working environment.

38. Neither DBSI nor Deutsche Bank exercised reasonable care to prevent the harassment or promptly corrected it. Indeed, when Surrusco complained about the conduct, he, not the harasser, was fired.

39. DBSI's and Deutsche Bank's conduct of permitting the hostile work environment violated Surrusco's rights under Title VII.

40. As a direct and proximate result of Defendants' unlawful conduct as alleged in this complaint, Surrusco has lost substantial employment benefits including

lost wages, bonuses, and other losses, in an amount in excess of $11,250,000, plus interest, the precise amount of which will be proven at the time of trial.

41.     As a further direct and proximate result of Defendants' unlawful conduct, Surrusco has suffered conscious pain and suffering, extreme and severe anguish, humiliation, emotional distress, nervousness, tension, anxiety, and depression, the extent of which is not fully known at this time and the amount of damages caused thus is not yet fully ascertained but is in an amount in excess of $3,000,000, the precise amount to be proven at the time of trial.

42.     The conduct of Defendants as described in this complaint was perpetrated with malice and reckless indifference, thus entitling plaintiff to an award of punitive damages.

### AS AND FOR A FOURTH CAUSE OF ACTION
### HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE
### NEW YORK STATE AND NEW YORK CITY HUMAN RIGHTS LAWS

43.     Plaintiff Surrusco repeats and realleges each and every allegation contained in paragraphs 1 through 42 as if fully set forth herein.

44.     DBSI and Deutsche Bank encouraged, condoned and acquiesced in the aforesaid acts of hostile work environment sexual harassment by: a) permitting Surrusco's co-worker to abuse her power; b) conducting an inadequate investigation of Surrusco's complaints; c) failing to remedy the situation by adequately disciplining the harasser, thus ensuring that she would be free to perpetrate similar conduct against other employees in the future; and d) firing Surrusco, the victim of the harassment.

45.   DBSI and Deutsche Bank's encouragement, condonation and acquiescence in the aforesaid acts of hostile work environment sexual harassment violated Surrusco's rights under the NYSHRL and the NYCHRL.

46.   As a direct and proximate result of Defendants' unlawful conduct as alleged in this complaint, Surrusco has lost substantial employment benefits including lost wages, bonuses, and other losses, in an amount in excess of $11,250,000, plus interest, the precise amount of which will be proven at the time of trial.

47.   As a further direct and proximate result of Defendants' unlawful conduct, Surrusco has suffered conscious pain and suffering, extreme and severe anguish, humiliation, emotional distress, nervousness, tension, anxiety, and depression, the extent of which is not fully known at this time and the amount of damages caused thus is not yet fully ascertained but is in an amount in excess of $3,000,000, the precise amount to be proven at the time of trial.

48.   The conduct of Defendants as described herein was perpetrated with malice and reckless indifference, thus entitling Surrusco to an award of punitive damages under the NYCHRL.

### AS AND FOR A FIFTH CAUSE OF ACTION
### RETALIATORY TERMINATION OF
### EMPLOYMENT IN VIOLATION OF TITLE VII

49.   Plaintiff Surrusco repeats and realleges each and every allegation contained in paragraphs 1 through 48 as if fully set forth herein.

50.   Surrusco engaged in a protected activity when he: a) told his co-worker that he was going to report her; and b) complained to DBSI Human Resources and management about his co-worker's conduct.

51. Surrusco suffered adverse employment actions when: a) his co-worker fabricated allegations against him; and b) his employment was terminated.

52. The adverse actions were causally related to Surrusco's protected activity.

53. The aforesaid conduct of DBSI and Deutsche Bank constitute unlawful retaliation in violation of Title VII.

54. Defendants owed a duty to Surrusco to investigate all complaints of harassment by an employee, including but not limited to Surrusco.

55. Defendants breached their duty to Plaintiff by failing to conduct a thorough investigation of Surrusco's complaints of sexual harassment and to take prompt and immediate action to prevent acts of a similar nature.

56. Instead of adequately investigating Surrusco's complaints, Surrusco was fired.

57. As a direct and proximate result of Defendants' unlawful conduct as alleged in this complaint, Surrusco has lost substantial employment benefits including lost wages, bonuses, and other losses, in an amount in excess of $11,250,000, plus interest, the precise amount of which will be proven at the time of trial.

58. As a further direct and proximate result of Defendants' unlawful conduct, Surrusco has suffered conscious pain and suffering, extreme and severe anguish, humiliation, emotional distress, nervousness, tension, anxiety, and depression, the extent of which is not fully known at this time and the amount of damages caused thus is not yet fully ascertained but is in an amount in excess of $3,000,000, the precise amount to be proven at the time of trial.

59. The conduct of Defendants as described in this complaint was perpetrated with malice and reckless indifference, thus entitling Surrusco to an award of punitive damages.

### AS AND FOR A SIXTH CAUSE OF ACTION
### RETALIATORY TERMINATION OF EMPLOYMENT THE
### NEW YORK STATE AND NEW YORK CITY HUMAN RIGHTS LAWS

60. Plaintiff Surrusco repeats and realleges each and every allegation contained in paragraphs 1 through 59 as if fully set forth herein.

61. The aforesaid conduct of DBSI and Deutsche Bank constitutes unlawful retaliation in violation of the NYSHRL and the NYCHRL.

62. As a direct and proximate result of Defendants' unlawful conduct as alleged in this Complaint, Surrusco has lost substantial employment benefits including lost wages, bonuses, and other losses, in an amount in excess of $11,250,000, plus interest, the precise amount of which will be proven at the time of trial.

63. As a further direct and proximate result of Defendants' unlawful conduct, Surrusco has suffered conscious pain and suffering, extreme and severe anguish, humiliation, emotional distress, nervousness, tension, anxiety, and depression, the extent of which is not fully known at this time and the amount of damages caused thus is not yet fully ascertained but is in an amount in excess of $3,000,000, the precise amount to be proven at the time of trial.

64. The conduct of Defendants as described herein was perpetrated with malice and reckless indifference, thus entitling Surrusco to an award of punitive damages under the NYCHRL.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## BREACH OF CONTRACT AGAINST DBSI
### (Bonus)

65. Plaintiff Surrusco repeats and realleges each and every allegation contained in paragraphs 1 through 64 as if fully set forth herein.

66. DBSI terminated Surrusco's employment days before he was to be paid his 2004 bonus and paid him no bonus for 2004.

67. The aforesaid act of termination of employment days before Surrusco's bonus in respect of calendar year 2004 was payable, after Surrusco had worked the entire 2004 calendar year, constitutes a breach of contract.

68. As a direct and proximate result of Defendants' breach, Surrusco has lost his 2004 bonus, in an amount in excess of $200,000, plus interest, the precise amount of which will be proven at the time of trial.

## AS AND FOR AN EIGHTH CAUSE OF ACTION BREACH OF
## COVENANT OF GOOD FAITH AND FAIR DEALING AGAINST DBSI
### (Bonus)

69. Plaintiff Surrusco repeats and realleges each and every allegation contained in paragraphs 1 through 68 as if fully set forth herein.

70. The aforesaid act of termination of employment days before Surrusco's bonus in respect of calendar year 2004 was payable, after Surrusco had worked the entire 2004 calendar year, constitutes a breach of the covenant of good faith and fair dealing.

71. As a result of direct and proximate result of DBSI's breach, Surrusco has lost his 2004 bonus, in an amount in excess of approximately $200,000 plus interest, the precise amount of which will be proven at the time of trial.

## AS AND FOR A NINTH CAUSE OF ACTION
## UNJUST ENRICHMENT
### (Bonus)

72.  Plaintiff Surrusco repeats and realleges each and every allegation contained in paragraphs 1 through 71 as if fully set forth herein.

73.  The aforesaid act of termination of employment days before Surrusco's bonus in respect of calendar year 2004 was payable caused DBSI and Deutsche Bank to be unjustly enriched in an amount to be determined at trial, plus interest.

## AS AND FOR A TENTH CAUSE OF ACTION
## QUANTUM MERUIT

74.  Plaintiff Surrusco repeats and realleges each and every allegation contained in paragraphs 1 through 73 as if fully set forth herein.

75.  In reliance on DBSI's promise to pay him a substantial bonus, Surrusco performed all of the acts and services attendant to his position as Vice President and Global Head of for the Equity Risk and Analysis Control Group, GTO diligently and exceptionally throughout 2004.

76.  DBSI knew that Surrusco was performing such acts and services, had agreed to compensate Surrusco for them and accepted Surrusco's acts and services.

77.  Surrusco reasonably expected to be compensated a substantial bonus for his acts and services on behalf of DBSI.

78.  DBSI has not compensated Surrusco for the reasonable value of his acts and services.

79.  DBSI has wrongfully and willfully converted Surrusco's services to its own benefit without recompense.

12

80. As a result of the foregoing, Surrusco is entitled to the reasonable value of the acts and services performed, in an amount to be determined at trial.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
### BREACH OF THE NEW YORK STATE LABOR LAW

81. Plaintiff Surrusco repeats and realleges each and every allegation contained in paragraphs 1 through 80 as if fully set forth herein.

82. DBSI's willful failure to pay Surrusco his contractually promised wages (including, but not limited to, his 2004 bonus) as set forth above constitutes a violation of the New York State Labor Law § 190 et seq.

83. As a direct and proximate result of Defendants' violation of the New York State Labor Law, Surrusco has lost his 2004 bonus, in an amount in excess of $200,000, plus interest, costs and attorneys fees, the precise amount of which will be proven at the time of trial.

84. The conduct of DBSI in depriving Surrusco of his earned bonus as described in this complaint was willful and malicious, thus entitling plaintiff to an award of liquidated damages.

WHEREFORE, Plaintiff requests judgment against Defendants for:

Compensatory damages, including lost wages, bonus, and benefits, and emotional distress damages, in excess of $15,000,000 and according to proof;

Punitive damages of $50 million;

Attorney fees and costs, including expert witness fees;

Interest on all amounts claimed; and

Such other and further relief as the court considers just and proper.

## JURY DEMAND

Plaintiff Surrusco demands a trial by jury.

Dated: New York, New York
       November 23, 2005

                              HOGUET NEWMAN & REGAL, LLP

                              By: _____ (FN-3784)
                                  Fredric S. Newman
                                  Randi B. May
                              10 East 40th Street
                              New York, NY 10016
                              (212) 689-8808

                              *Attorneys for Plaintiff*